John J. KEACH, Plaintiff—Appellant,

v.

William J. HENDERSON, Postmaster General, United States Postal Service, Defendant—Appellee.

No. 02–35576.

D.C. No. CV–01–00032–MHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 31, 2003.

Janice L. Smith–Hill, Anita M.E. Moore, Cynthia L. Miller, Esq., Miller, Smith–Hill & Associates, Moscow, ID, for Plaintiff–Appellant.

Joanne P. Rodriguez, Asst. U.S. Atty., United States Attorney's Office, Boise, ID, for Defendant–Appellee.

Before TROTT, FISHER, and GOULD, Circuit Judges.

MEMORANDUM*

John J. Keach appeals the district court's dismissal of his Title VII retaliation and hostile work environment claims for lack of subject matter jurisdiction and the concurrent grant of summary judgment, in the alternative, to Henderson on Keach's entire case. After examining the record, the briefs, the arguments, and the relevant authorities, we conclude that the district court's result was proper, and we AFFIRM.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### 1. Subject Matter Jurisdiction

■ In his original Equal Employment Opportunity (EEO) complaint, Keach alleged only gender discrimination. Allegations not included in the administrative charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir.2002) (internal quotations omitted). Even given this circuit's permissive approach to administrative exhaustion, Keach failed to satisfy this requirement with respect to his hostile work environment claim. On the EEO complaint form, he detailed only a specific incident he attributed to gender discrimination occurring on a single day, February 10, 1999. Furthermore, the EEOC notified Keach by letter that his complaint would be limited to the alleged gender discrimination, and that if he disagreed, he had seven days to file a written objection. Keach chose to proceed solely on the gender discrimination claim, and thus it cannot be said that he exhausted the hostile work environment claim.

### 2. Summary Judgment

Even if we were to consider Keach's retaliation claim to have been reasonably related to the allegation of gender discrimination, and thus properly exhausted, summary judgment was proper nonetheless with regard to both the retaliation and gender discrimination claims.

*Retaliation for Being Named as a Witness*

■ In order to establish a prima facie case of retaliation, an employee must demonstrate that he was subjected to an adverse employment action in response to engaging in a protected activity. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). The Postmaster deemed Keach's use of sick leave excessive, and required a doctor's note before allowing Keach to stay home with his son. The Postmaster's explanation for this action constituted a legitimate business reason for this requirement. Keach failed to put forth *any* evidence that this requirement was a mere pretext for retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Thus, even if we were to assume that being listed as a witness in another EEOC case is a protected activity, there is no genuine issue of material fact regarding whether or not the Postmaster's activities constituted a retaliatory adverse employment action, and Keach's witness-retaliation claim fails as matter of law.

*Retaliation for Filing an EEO Complaint*

Keach had the burden of establishing that a causal link existed between the protected activity and the alleged retaliatory adverse employment action. *Ray*, 217 F.3d at 1240. Keach has offered no direct evidence of retaliatory motivation. It was not until March of 2001 that Keach suffered anything that could be construed as an adverse employment action. This is a year and a half after the informal complaint was filed, and almost two years after the EEO complaint. In *Manatt v. Bank of America* we held that a nine month lapse between the complaint and the alleged retaliatory action was too long to permit an inference of causation. 339 F.3d 792, 802. Therefore, the district court's grant of summary judgment was appropriate.

*Gender Discrimination*

Summary judgment was appropriate to this claim as well because Keach failed, as he did in his retaliation claim, to demonstrate that requiring a doctor's note was a mere pretext for engaging in gender discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 804–05. Furthermore, Keach failed to demonstrate that women were treated more favorably, and readily admit-

ted in his deposition that he did not believe he was discriminated against because he was a man.

AFFIRMED